USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _________________
DATE FILED: 10/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK KIM,

Petitioner,

-against-

BTG PACTUAL ASSET MANAGEMENT US, LLC; ANASTASIOS ARGEROS; CYRIL DELAPRAZ; MICHAEL GRANT; JACK MCCLEARY; WILLIAM ROSE,

Respondents.

26 Civ. 397 (AT) (RWL)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Petitioner *pro se*, Frank Kim, filed this action to vacate an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. *See* ECF No. 1. Respondents BTG Pactual Asset Management US, LLC, Anastasios Argeros, Cyril Delapraz, Michael Grant, Jack McCleary, and William Rose—counter-parties to the underlying arbitration—opposed the petition, arguing that it should be dismissed for lack of subject matter jurisdiction or, alternatively, the award should be confirmed. *See* ECF No. 5. Pursuant to an Order of Reference, ECF No. 8, the Honorable Robert W. Lehrburger issued a report and recommendation (the "R&R") recommending that the petition be dismissed without prejudice. *See* R&R at 1, ECF No. 17. Petitioner timely filed objections which, in substance, agreed with Judge Lehrburger's recommendations. *See* Objs., ECF No. 18. The Court adopts the R&R in full.

## DISCUSSION[1]

### I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party

[1] The Court assumes familiarity with the facts as described in the R&R. *See* R&R at 1–5.

makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (citation omitted)). However, the Court reviews for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted). A *pro se* party is "generally accorded leniency," and their submissions are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (quoting *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II. <u>Petitioner's Objections</u>

Petitioner, despite submitting a document entitled "[o]bjections to the [R&R]," agrees in full with the R&R and requests the same disposition recommended by Judge Lehrburger. *See* Objs. at 1. Petitioner's first and second objections argue that the Court should grant him leave to amend. *See* Objs. 2–3. The R&R makes the same recommendation. *See* R&R at 12–13. Petitioner's third objection is that his petition establishes complete diversity between the parties, which the R&R acknowledges. *Compare* Objs. at 4, *with* R&R 9–10 ("[Respondents] concede that the parties are diverse.").

Because Petitioner does not "take issue with a specific legal conclusion in the report and recommendation," *Nambiar*, 158 F.4th at 361, the Court reviews the R&R for clear error. *See Oquendo*, 2014 WL 4160222, at *2. Finding no error in Judge Lehrburger's thorough and well-reasoned analysis, the Court agrees that Petitioner has failed to demonstrate subject matter jurisdiction (1) under 28 U.S.C. § 1331 because the "Petition does not refer to any federal law other than the FAA," R&R at 8–9, or (2) under § 1332 because Petitioner has not alleged facts demonstrating that the amount-in-controversy requirement is satisfied. *See* R&R at 11–12. The Court similarly finds no error in Judge Lehrburger's conclusion that Petitioner should be granted leave to amend to allege facts supporting the amount-in-controversy requirement. *See* R&R at 12 (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d. Cir. 2010)).

**CONCLUSION**

For the reasons stated above, the Court OVERRULES Petitioner's objections, ADOPTS the R&R in its entirety, and DISMISSES the petition without prejudice. By **November 9, 2026**, Petitioner shall file an amended petition on the docket.

SO ORDERED.

Dated: October 8, 2026
New York, New York

ANALISA TORRES
United States District Judge